IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

DONNY RAY SCOTT, §
§
Petitioner, §
§
v. § Civil Action No. 4:19-CV-487-O
§
LORIE DAVIS, Director, §
Texas Department of Criminal Justice, §
Correctional Institutions Division, §
§
Respondent. §

**OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, Donny Ray Scott, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice, against Lorie Davis, director of that division, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed as time-barred.

**I. BACKGROUND**

In May 2012, a jury in Wise County, Texas, Case No. CR16270, found Petitioner guilty of assault on a family member, injury to a child, and aggravated assault with a deadly weapon and the trial assessed his punishment at two, ten, and twenty years' confinement, respectively. Clerk's R. 62-67, ECF No. 11-11. His convictions were affirmed on appeal, and, on January 15, 2014, the Texas Court of Criminal Appeals refused his petition for discretionary review. Docket Sheet 1-2, ECF No. 11-2. Petitioner did not seek writ of certiorari. Pet. 3, ECF No. 1. On November 24, 2015,[1] Petitioner

---

[1] A prisoner's state habeas application is deemed filed when placed in the prison mailing system. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). Petitioner's application does not state the date he placed the document in the prison mailing system, however the "Inmate's Declaration" was signed by him on November 24, 2015; thus, the

filed a postconviction state habeas-corpus application challenging his convictions, which was denied by the Texas Court of Criminal Appeals on September 14, 2016, without written order on the findings of the trial court. SHR[2] 101-25 & Action Taken, ECF Nos. 11-29 & 11-16. Petitioner filed this federal habeas petition on June 21, 2019.[3] Pet. 6, ECF No. 1. Respondent asserts that the petition is time-barred under the federal statute of limitations. Resp't's Preliminary Answer 4-8, ECF No. 10.

## II. DISCUSSION

Title 28, United States Code, § 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. Section 2244(d) provides:

(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of–

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims

---

Court deems the application filed on that date.

[2]"SHR" refers to the record of Petitioner's state habeas proceeding in WR-84,484-01.

[3]A prisoner's federal habeas petition is also deemed filed when placed in the prison mailing system for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998). Petitioner does not indicate that he placed the document in the prison mailing system or the date that he did so. Therefore, he is not given the benefit of the prison mailbox rule as to his federal petition.

presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

With limited exceptions not applicable here, the limitations period begins to run from the date on which the challenged "judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" under subsection (A). For purposes of this provision, Petitioner's judgments of conviction became final upon expiration of the time that he had for filing a petition for writ of certiorari in the United States Supreme Court on April 15, 2013, triggering the one-year limitations period, which expired one year later on April 15, 2014. *Id.* § 2244(d)(1)(A); *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012); SUP. CT. R. 13.1. Therefore, Petitioner's federal petition was due on or before April 15, 2014, absent any tolling.

Tolling of the limitations period may be appropriate under the statutory provision in § 2244(d)(2) and/or as a matter of equity. Petitioner's state habeas application, filed on November 24, 2015, after limitations had already expired, did not operate to toll the federal limitations period under § 2244(d)(2). *Scott v. Johnson,* 227 F.3d 260, 263 (5th Cir. 2000). Nor has Petitioner demonstrated that he is entitled tolling as a matter of equity. Equitable tolling is permitted only in rare and exceptional circumstances when, although pursuing his rights diligently, an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner or he can prove that he is actually innocent of the crime(s) for which he was convicted. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010).

Petitioner makes no assertion of actual innocence. Instead, he asserts that the "time bar should yield to" the constitutional guarantee of the right to effective assistance of counsel because his appellate counsel failed to raise his ineffective-assistance-of-trial-counsel claims on direct review and he was not appointed counsel in his state habeas proceeding. Pet. 6-9, ECF No. 1. However, ineffective assistance of trial or appellate counsel, involving conduct before the date on which a petitioner's conviction(s) became final, generally does not warrant equitable tolling, and Petitioner does not premise his claim on any misrepresentation or misinformation received from counsel that contributed to the lapse of the one-year limitations period. *See Molo v. Johnson,* 207 F.3d 773, 775-76 (5th Cir. 2000) (providing whether petitioner "had effective assistance of counsel on direct appeal in state court is not relevant to the question of tolling the statute of limitations"); *Coulter v. Stephens,* No. 3:14-CV-3716-M-BK, 2015 WL 3450248, at *3 (May 28, 2015) (providing ineffective assistance of trial counsel "has no bearing on equitable tolling because it occurred before petitioner's conviction became final"). To the extent Petitioner may rely upon the United States Supreme Court decisions in *Martinez v. Ryan,* 566 U.S. 1 (2012), and *Trevino v. Thaler,* 569 U.S. 413 (2013), in support of equitable tolling, that line of cases does not address or excuse the untimely filing of a federal habeas petition. Rather, those cases address excusing a procedural default of a claim and do not apply to the federal statute of limitations or the tolling of that period. *See Hackney v. Stephens,* No. 4:14-CV-074-O, 2014 WL 4547816, at *2 (N.D. Tex. Sep. 15, 2014) (citing cases). Furthermore, prisoners have no federal constitutional right to appointed counsel in postconviction collateral proceedings. *Pennsylvania v. Finley,* 481 U.S. 551, 555 (1990). Nor does Petitioner explain how the lack of appointed counsel for his state habeas proceeding prevented him from timely filing his federal petition. Petitioner in fact raised one or more of his ineffective-assistance-of-trial-

4

counsel claims on state habeas review but failed to raise the claims within the limitations period.

In any event, Petitioner has failed to act diligently in pursuing postconviction relief. His judgments of conviction became final in April 2013, yet he waited until November 2015 to file his state habeas application. Thereafter, his state habeas application was denied in September 2016, yet he waited until June 2019 to file his federal petition. Equity does not lie for those who sleep on their rights. *See Fisher v. Johnson,* 174 F.3d 710, 715 (5th Cir. 1999).

Accordingly, Petitioner's federal petition was due on or before April 15, 2014. His petition filed on June 21, 2019, is therefore untimely.

## III. CONCLUSION

For the reasons discussed, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is DISMISSED as time-barred. Further, for the reasons discussed, a certificate of appealability is DENIED.

**SO ORDERED** on this 11th day of February, 2020.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**